STATE FARM FIRE & CASUALTY COMPANY, Petitioner,

v.

James and Cynthia SIMMONS, Respondents.

MARITIME OVERSEAS CORPORATION, Petitioner,

v.

Richard ELLIS, Respondent.

Nos. D–4095, 94–1057.

Supreme Court of Texas.

July 9, 1997.

Katherine (Hunt) Mackillop, Roger Townsend, Joy M. Soloway, William J. Boyce, Houston, for Petitioner in No. D–4095.

Linda Broocks, Thomas B. Greene, III, Houston, Joe R. Greenhill, Austin, Marc A. Antonetti, Jane A. Nenninger Bland, Houston, Margaret Niver McGann, Dallas, Sally Mann Romano, Houston, for Petitioner in No. 94–1057.

James C. Plummer, Houston, Larry Zinn, San Antonio, for Respondents in No. D–4095.

John M. O'Quinn, Gary M. Riebschlager, Eugene A. Cook, Kendall C. Montgomery, Maureen McPherson Spector, Joe H. Reynolds, Gael Plauche, Christian A. Steed, Houston, for Respondent in No. 94–1057.

CORNYN, Justice, dissenting on Granting of Motion for Rehearing, joined by SPECTOR, BAKER and ABBOTT, Justices.

Today, four members of the Court have voted to grant motions for rehearing of two

applications for writ of error: *State Farm Fire & Casualty Company v. Simmons*, D–4095, and *Maritime Overseas Corporation v. Ellis*, 94–1057.

The application for writ of error in *Simmons* was filed almost **four years ago**, on August 13, 1993. The underlying lawsuit arose from events that occurred **over a decade ago**, in 1985, when State Farm denied the Simmonses' insurance claim after their home was destroyed by fire. The Court denied State Farm's application on January 5, 1994. State Farm's motion for rehearing, filed January 19, 1994, has been pending for **over three years.**

The application in *Ellis* was filed almost **three years ago** on October 18, 1994. The case arose from Ellis' claims that he suffered personal injuries after being exposed to the pesticide Diazinon while working as a steward's assistant on a ship in 1982, almost **fifteen years ago**. The Court denied Maritime Overseas' application on November 15, 1996, two years after it was filed. Maritime Overseas filed its motion for rehearing on December 2, 1996, and the motion has been pending for over seven months.

While I do not quarrel with the power of four members of the Court to grant any application or motion for rehearing they deem worthy, I do object to the unconscionable delay in doing so in these two cases. The delay cannot be justified. The litigants and the people of this State have every right to expect and demand that this Court perform its duties in a timely manner.

The Seventy-fifth Legislature, just adjourned, has proposed a remedy. House Joint Resolution 55, which passed the House on April 16, 1997, by a margin of 145 to 0 (with one member present, but not voting), and the Senate on May 21, 1997, by a vote of 30 to 0 provides:

> Notwithstanding Section 1, Article II, of this constitution and any other provision of this constitution, if the supreme court does not act on a motion for rehearing before the 180th day after the date on which the motion is filed, the motion is denied.

This proposed constitutional amendment will be presented to Texas voters on November 4, 1997. That such action should be necessary at all does not reflect well on this Court. We should have the self-discipline to timely dispose of our own business. Accordingly, I dissent from the granting of the motions for rehearing in these cases.